## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**MYLES STOKES,**[1]
      **Petitioner,**

**v.**                       **Case No.  3:09cv338/WS/MD**

**STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS**
      **Respondent.**

_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a motion to dismiss the petition as an unauthorized second or successive petition. (Doc. 13). Petitioner has not responded, although given the opportunity to do so. (Doc. 14). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that this petition is a "second or successive" habeas corpus application, and that petitioner has failed to obtain an order in the United States Court of Appeals for

---

[1]Petitioner identifies his middle initial as "N" and signs his pleadings "Myles N. Stokes." (Doc. 1). He identifies his Florida Department of Corrections ("DC") number as 017411, and is challenging convictions imposed by the Circuit Court of Escambia County, Florida. (*Id*.). The documents submitted by respondent reveal that petitioner's actual name is "Myles A. Stokes." (Doc. 13, Ex. B). That is the name associated with petitioner's DC number and convictions. One Miles N. Stokes, DC number M24304, was released from custody in 2004. (Doc. 13, Ex. A). His convictions arose out of Broward County, Florida. (*Id*.).

the Eleventh Circuit ("Eleventh Circuit") authorizing this court to consider the petition. As such, this action should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

In June of 1983, petitioner was convicted of aggravated assault, kidnaping, armed robbery with a deadly weapon, and two counts of sexual battery with the use of a deadly weapon and physical force likely to cause serious physical injury, in the Circuit Court of Escambia County, Florida. (Doc. 1 at 1; Doc. 13 Ex. C).[2] He was sentenced to life imprisonment. (*Id.*).

In 1986, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. The case was assigned Case Number PCA 86-04288/WEA/SMN. (Ex. C). Petitioner challenged the same conviction on grounds of insufficient evidence, double jeopardy and ineffective assistance of counsel. (*Id.*). The magistrate judge, Susan Novotny, held an evidentiary hearing on the ineffective assistance claim. On July 14, 1987, she entered a Report and Recommendation that the petition be denied on the merits. (*Id.*). On September 10, 1987, Senior District Judge Winston Arnow adopted the Report and Recommendation and denied relief. (Ex. D). Judgment was entered accordingly. (Ex. E).

Twenty-two years later, on August 11, 2009, petitioner filed the instant § 2254 petition. The petition challenges the same conviction and sentence on the grounds that at the time of petitioner's trial, both the State and petitioner's counsel were aware of DNA test results indicating that petitioner could neither be identified as the perpetrator nor eliminated, yet neither the State nor petitioner's counsel introduced the results at trial. Petitioner further complains that the State destroyed the evidence in 1986, instead of waiting ten years. (Doc. 1 at 4-6). Petitioner appears to acknowledge his previous habeas corpus challenge, but contends he did not raise

---

[2]Hereafter, all references to exhibits will be to those attached to Doc. 13, unless otherwise noted.

the instant claim because he was "blind to laws and afread [sic] of inmates helps [sic]," and because he did not learn of the test results or that the evidence had been destroyed until after the evidentiary hearing before Magistrate Judge Novotny. (*Id.* at 3, 4).

## DISCUSSION

### "Second or Successive" Habeas Corpus Application

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2005); *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has not been previously authorized by an appellate court. *Burton*, 127 S.Ct. at 796, 799 (holding that district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

Here, the record establishes that the instant application is second or successive, and that petitioner failed to obtain the requisite authorization from the Eleventh Circuit in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition.

### Certificate of Appealability

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 13) be GRANTED, and this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE.

2.  That the clerk be directed to close the file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 10th day of May, 2010.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


*Case No: 3:09cv338/WS/MD*

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).